1 | Robert H. McNeill, Jr., Esq. (#86411)
Rodney S. Diggs, Esq. (#274459)
2 | IVIE, McNEILL & WYATT
A Professional Law Corporation
3 | 444 S. Flower Street, Suite 1800
Los Angeles, California 90071
4 | (213) 489-0028 / (213) 489-0552
E-mail: rmcneill@imwlaw.com
5 | E-mail: rdiggs@iwmlaw.com

FILED

2013 APR 10 PM 3:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6 | Attorneys for Plaintiffs,
MACCRAIG WARREN and MILES WARREN

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | MACCRAIG WARREN, an individual African-American male, MILES WARREN, an individual African-American male,

CASE NO. **CV 13-02549** JEM

12

13 | Plaintiffs,

COMPLAINT FOR DAMAGES:

14 | vs.

1. RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000a, et seq.

15

16 | US AIRWAYS, INC., a Delaware Corporation; and DOES 1 through 10,

2. TITLE VI OF THE CIVIL RIGHTS ACTS OF 1964 (42 U.S.C. § 2000d) DISCRIMINATION BY RECIPIENT OF FEDERAL FUNDING

17 | Defendants.

18

19

3. VIOLATION OF 42 U.S.C. § 1981 - DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS

20

21

22

4. RACE DISCRIMINATION IN VIOLATION OF CALIFORNIA CIVIL CODE § 51

23

24

25

5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26

6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27

28

DEMAND FOR JURY TRIAL

1

1   Plaintiffs MacCraig Warren and Miles Warren (collectively Plaintiffs), by and
2   through their attorneys, Ivie, McNeill & Wyatt, files this Complaint against Defendant US
3   Airways, Inc. and states as follows:

4

5                              **VENUE AND JURISDICTION**

6       This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and
7   1367.  This court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because
8   diversity is complete between Plaintiffs and Defendant.  The Court also has jurisdiction
9   because Plaintiffs have brought claims under federal statutes and Title VI of the Civil Rights
10  Act of 1964.

11      Venue is proper because the Plaintiffs purchased the tickets (which is a contract) in
12  California.  Venue is also proper because the Plaintiffs reside in California and Plaintiffs
13  were on their way back to California when the acts described herein occurred.

14

15                                    **PARTIES**

16  1.  Mack Warren (hereinafter referred to as "Mac"), is a citizen of the United States.
17      Mack is by race and appearance an African-American male.  Mack is an adult person
18      and a resident of Compton, County of Los Angeles, State of California.

19  2.  Miles Warren (hereinafter referred to as "Miles"), is a citizen of the United States.
20      Miles is by race and appearance an African-American male.  Miles is an adult person
21      and a resident of Long Beach, County of Los Angeles, State of California.

22  3.  At all times mentioned herein, Defendant US Airways, Inc. (hereinafter referred to
23      as "US Airways"), was and now is a corporation duly organized and existing under
24      and by virtue of the laws of the State of Delaware.

25  4.  Defendant US Airways and its subsidiary US Airways Group have received millions
26      of dollars in federal financial assistance pursuant to the Air Transportation Safety and
27      System Stabilization Act.  US Airways is therefore required to abide by the terms of

28

1    Title VI of the Civil Rights Act of 1964, 42 U.S.C. section 2000d, and its
2    implementing regulation.

3  5.    At all times mentioned herein, Defendants Does 1 through 10 were and now are duly
4    appointed officers and employees of US Airways.

5  6.    Defendant is an entity subject to suit under the laws of the United States and
6    California in that it is a business establishment that denied equal and full-
7    accommodation to Plaintiffs on the basis of their race.

8  7.    In doing the acts and in failing and omitting to act as hereafter described, Defendants
9    Does 1-10 were acting in their capacities as employees of Defendant US Airways and
10    within the course and scope of such employment.

11  8.    In doing the acts and in failing and omitting to act as hereafter described, Defendants,
12    and each of them were acting with the implied and actual permission and consent of
13    US Airways.

14  9.    The true names and capacities of Defendants Does 1 through 10, inclusive, are
15    unknown to Plaintiffs at this time, and Plaintiff therefore sues Defendants under
16    fictitious names. Plaintiff is informed and believes, and on that basis alleges, that
17    each Defendant designated as a Doe is highly responsible in some manner for the
18    events and happenings referred to herein, and legally caused the injuries and damages
19    alleged in this Complaint. Plaintiffs will seek leave of the Court to amend this
20    Complaint to allege their true names and capacities when ascertained.

21  10.    Plaintiffs are informed and believes and thereon alleges that at all times herein
22    mentioned each of the Defendants was the agent and employees of the remaining
23    Defendants and, in doing the things hereinafter alleged, was acting within the course
24    and scope of such agency and employment.

25  / / /
26  / / /
27  / / /
28  / / /

1

<h2 style="text-align:center">STATEMENT OF FACTS</h2>

2  11.  Plaintiffs are by race and physical appearance, African-American males.

3  12.  On August 19, 2012, Plaintiffs were leaving Denver, Colorado to head to their final

4      destination, Los Angeles, California with a layover in Phoenix, Arizona.

5  13.  Plaintiffs both had first class tickets on the flight to Phoenix, Arizona from Denver,

6      Colorado, US Flight 602.

7  14.  Prior to boarding, Doe employee at the ticket counter informed Plaintiffs that if they

8      wanted to sit in first class, they had to change their clothes.

9  15.  Doe employee informed Plaintiffs that it was US Airways policy that everyone in first

10     class is required to wear slacks, button up shirts and no baseball caps. Doe employee

11     demanded Plaintiffs to change from jeans into slacks, a button up short and told

12     Plaintiffs to remove their baseball caps.

13 16.  Mac changed his outfit near the ticket counter.

14 17.  Miles went to the restroom to change his clothes so that he could board the plane.

15     While in the bathroom, a passenger on the same flight, Michael Heffernan

16     (hereinafter "Heffernan") informed Miles that he was worried that he would not be

17     able to catch the flight because he was in first class as well and had on jeans and a

18     hooded sweatshirt.

19 18.  Heffernan is a Caucasian adult male.

20 19.  After Miles changed clothes, Miles approached the ticket counter again and Doe

21     employee demanded that Miles change clothes, again, if he wanted sit in first class.

22 20.  Plaintiffs and Heffernan had the same ticket for first class for US Flight 602.

23 21.  After Plaintiffs boarded US Flight 602, Miles saw Heffernan. Miles informed his

24     brother Mac was he just spoke with Heffernan in the bathroom when he was changing

25     clothes. Much to Plaintiffs' amazement, Heffernan was sitting in first class wearing

26     jeans and a hooded sweatshirt, not the "required" slacks and button up shirt.

27 22.  Heffernan was traveling with his friend Edward DeLeon, (hereinafter "DeLeon").

28

23. DeLeon was also in first class with the same ticket as Plaintiffs. DeLeon was wearing rolled up jeans, no socks, and a hooded sweatshirt.

24. DeLeon is a Filipino adult male.

25. Heffernan and DeLeon were not instructed to change their clothes prior to boarding, not at any time during the flight.

26. As a result of witnessing Heffernan and DeLeon in casual clothes while Plaintiffs were required to change into formal clothes, they became humiliated and felt discriminated against by the events that just happened.

27. After Plaintiffs, Heffernan and DeLeon exited the plane, Plaintiffs informed Heffernan and DeLeon of the events that transpired prior to them boarding the plane. Heffernan and DeLeon told Plaintiffs that what US Airways did was racist and discriminatory. Heffernan and DeLeon told Plaintiffs that they were never told that it was "policy" or that they were "required" to change clothes prior to boarding the plane.

28. As a direct and proximate result of the above described unlawful and malicious acts of US Airways, Plaintiffs have suffered emotional and mental anguish, all of which are in violation of Plaintiffs' civil rights under the Constitution of the United States and State laws. Plaintiffs have suffered and will continue to suffer great emotional and mental anguish. Plaintiffs have been humiliated and embarrassed as a result of the foregoing acts of US Airways.

29. The above recited actions of US Airways was done in reckless disregard of Plaintiffs' rights under State and Federal laws.

## FIRST CAUSE OF ACTION
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000a, et seq.

30. Plaintiffs repeat and reallege paragraphs 1-28, as if set forth fully herein.

31. On August 19, 2012, because of their race, Plaintiffs were denied access into first class on US Flight 602 unless they changed clothes. Plaintiffs had on jeans, tee shirts

and a baseball cap. However, Plaintiffs were informed that if they did not change into slacks, a button up shirt and remove their baseball cap, they would not be permitted on the flight, pursuant to US Airways "policy."

32. Heffernan, a Caucasian adult male and DeLeon, a Filipino adult male both had on hooded sweatshirts and jeans. They were not instructed nor required to change clothes prior to boarding first class.

33. Heffernan and DeLeon were not denied entrance on the plane if they did not change clothes.

34. The above described acts or omissions of US Airways constitute violations of 42 U.S.C. § 2000a, et seq. which prohibits public accommodations engaged in interstate commerce from discriminating against individuals based on race.

35. By reason of US Airways' unlawful acts, practices, and omissions, Plaintiffs have suffered humiliation, mental anguish, and physical and emotional distress.

36. The unlawful acts and practices of US Airways alleged herein were reckless and willful, and caused great injury to Plaintiffs.

## SECOND CAUSE OF ACTION
### TITLE VI OF THE CIVIL RIGHTS ACTS OF 1964 (42 U.S.C. § 2000d)
### DISCRIMINATION BY RECIPIENT OF FEDERAL FUNDING

37. Plaintiffs repeat and reallege paragraphs 1-35, as if set forth fully herein.

38. US Airways is the recipient of federal financial assistance, and is thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, *inter alia*, race, color, or national origin.

39. US Airways' failure to permit Plaintiffs to fly on the airplane unless they changed their clothes because of their race, color, and/or national origin constituted discrimination against Plaintiffs in violation of Title VI and its implementing regulations.

40.   By reason of US Airways' unlawful acts, practices, and omissions, Plaintiffs have suffered humiliation, mental anguish, and physical and emotional distress.

41.   The unlawful acts and practices of US Airways alleged herein were reckless and willful, and caused great injury to Plaintiffs.

## THIRD CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1981 - DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS

42.   Plaintiffs repeat and reallege paragraphs 1-38 as if set forth fully herein.

43.   The Doe employee described above for US Flight 602, was at all relevant times the agents and/or employee of US Airways.

44.   US Airways is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of *respondeat superior*.

45.   US Airways engaged in intentional discrimination based on Plaintiffs' perceived race, color, ethnicity, and/or alienage in refusing to board them on US Flight 602 on August 19, 2012, unless they changed their clothes.  In doing so, US Airways discriminated against Plaintiffs in the making and enforcement of their contracts with US Airways, namely the ticket they purchased to travel on US Flight 602 on August 19, 2012.  Consequently, US Airways has caused Plaintiffs to suffer deprivation of their right to make and enforce contracts as enjoyed by Caucasian and Filipino citizens under 42 U.S.C. § 1981.

46.   US Airways' actions were intentional and done in violation of Plaintiffs' civil rights and have directly and proximately caused them humiliation, mental pain and suffering.

47.   By reason of US Airways' unlawful acts, practices, and omissions, Plaintiffs have suffered humiliation, mental anguish, and physical and emotional distress.

48.   The unlawful acts and practices of US Airways alleged herein were reckless and willful, and caused great injury to Plaintiffs.

## FOURTH CAUSE OF ACTION
### RACE DISCRIMINATION IN VIOLATION OF CALIFORNIA
### CIVIL CODE § 51

49.  Plaintiffs repeat and reallege paragraphs 1-43 as if set forth fully herein.

50.  US Airways engaged in intentional discrimination based on Plaintiffs' perceived race, color, ethnicity, and/or alienage in refusing to board them on US Flight 602 on August 19, 2012, unless they changed their clothes. In doing so, US Airways discriminated against Plaintiffs in the making and enforcement of their contracts with US Airways, namely the ticket they purchased to travel on US Flight 602 on August 19, 2012. Consequently, US Airways has caused Plaintiffs to suffer deprivation of their right to make and enforce contracts as enjoyed by Caucasian and Filipino citizens under 42 U.S.C. § 1981.

51.  The above described acts or omissions of US Airways constitute violations of California Civil Code § 51 which prohibits the denial of full and equal accommodations by any business based on an individual's race.

52.  By reason of US Airways' unlawful acts, practices, and omissions, Plaintiffs have suffered humiliation, mental anguish, and physical and emotional distress.

53.  The unlawful acts and practices of US Airways alleged herein were reckless and willful and done in violation of Plaintiffs' civil rights and have directly and proximately caused them humiliation, mental pain and suffering.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.  Plaintiffs repeat and reallege paragraphs 1-49 as if set forth fully herein.

55.  US Airways' actions described above was extreme and outrageous. US Airways' conduct was done intentionally and with disregard for Plaintiffs' rights. US Airways knew or should have known that their conduct would result in Plaintiffs' severe emotional distress and US Airways' acts and omissions were perpetrated with the

1  intent to inflict and/or with reckless disregard for the probability of inflicting
2  humiliation, mental anguish and severe emotional distress on Plaintiffs.

3  56.  As a direct and proximate cause of US Airways' conduct, Plaintiffs have suffered and
4  will continue to suffer humiliation, mental anguish, severe emotional distress and
5  other special and general damages according to proof.

6  57.  At all times relevant to the events described above, the doe employee at the ticket
7  counter for US Flight 602 was an employee and/or agent of US Airways.  The
8  discriminatory practices above were carried out:

9  (A)  At the direction of and with the consent, encouragement, knowledge, and
10  ratification of US Airways;

11  (B)  Under US Airways' authority, control and supervision; and/or

12  (C)  within the scope of the employee's employment

13  58.  US Airways is liable for the actions of its agents and employees directly and under
14  the doctrine of *respondeat superior*.

15  59.  Through the actions described above of its employees, agents and/or representatives,
16  US Airways acted intentionally, maliciously, and with willful, callous, wanton, and
17  reckless disregard for Plaintiffs' statutorily protected rights and for the deleterious
18  consequences and cruel and unjust hardship resulting to Plaintiffs from the conduct
19  of US Airways. Consequently, in the alternative, Plaintiffs are entitled to exemplary
20  and punitive damages in an amount to be proven at trial.

21

22  **SIXTH CAUSE OF ACTION**

23  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

24  60.  Plaintiffs repeat and reallege paragraphs 1-51 as if set forth fully herein.

25  61.  US Airways' conduct described above constitute a breach of US Airways' duty as a
26  common carrier and US Airways' duty of care to Plaintiffs to ensure that US Airways
27  did not cause unnecessary or unjustified harm to Plaintiffs.  It was reasonably

28

1    foreseeable that a breach of that duty by US Airways would cause emotional distress
2    to Plaintiffs.

3    62.   At all times relevant to the events described above, the doe employee at the counter
4          for US Flight 602 was an employee and/or agent of US Airways.  The discriminatory
5          practices described above were carried out:

6          (A)   at the direction and with the consent, encouragement, knowledge, and
7                ratification of US Airways;

8          (B)   under US Airways' authority, control and supervision; and/or

9          (C)   within the scope of the employee's employment.

10   63.   US Airways is liable for the actions of its agents and employees directly and under
11         the doctrine of *respondeat superior.*

12   64.   Through the actions described above of its employees, agents and/or representatives,
13         US Airways acted intentionally, maliciously, and with willful, callous, wanton, and
14         reckless disregard for Plaintiffs' statutorily protected rights and for the deleterious
15         consequences and cruel and unjust hardship resulting to Plaintiffs from the conduct
16         of US Airways.  Consequently, in the alternative, Plaintiffs are entitled to exemplary
17         and punitive damages in an amount to be proven at trial.

18

19                              **PRAYER FOR RELIEF**

20         **WHEREFORE**, Plaintiffs request that this Court:

21   1.    Permanently enjoin Defendants and their agents, employees and successors, and all
22         persons in active conduct or participation with Defendants, from engaging in
23         discriminatory treatment of Defendants' customers;

24   2.    Enter a declaratory judgment declaring that the acts and practices of Defendants and
25         their agents and employees set forth above violate the foregoing provisions of law;

26   3.    For general damages on the deprivation of civil rights, humiliation, mental anguish,
27         pain and suffering and emotional damages, according to proof at trial;

28

4.    For punitive damages in an amount to be determined at trial that would punish Defendants for its intentional, malicious, willful, callous, wanton, and reckless disregard for Plaintiffs' rights that would effectively deter Defendant from engaging in similar conduct in the future;

5.    For reasonable attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988,& Civ. Code § 52.1(h); and

6.    For such other and further relief as the Court may deem proper.

Dated: April 9, 2013                  **IVIE, McNEILL & WYATT**

By: _____
Robert H. McNeill, Jr., Esq.
Rodney S. Diggs, Esq.
Attorneys Plaintiffs
**MACCRAIG WARREN AND MILES WARREN**